

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID BEAULIEU** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 00-0249** |
| **JAMES M. LEBLANC, WARDEN, ET AL** | * | **SECTION: "N"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as untimely.**

### I. PROCEDURAL HISTORY

Petitioner, David Beaulieu, a prisoner incarcerated in the Dixon Correctional Center, located in Jackson, Louisiana, was convicted on his plea of guilty to possessing crack cocaine with



intent to distribute, a violation of La. R.S. 40:967(B)(1).[1] On May 23, 1996, petitioner, attended by his counsel, pleaded guilty as charged. On July 31, 1996, petitioner appeared for sentencing and made an oral motion to withdraw his guilty plea. The court denied the motion.[2] On July 31, 1996, the court sentenced petitioner to serve fifteen years in the custody of the Department of Corrections, with credit for time served. The sentence was ordered to be served concurrent with any other sentence the defendant may be under. The State's response indicates that petitioner did not take a direct appeal and that, therefore, petitioner's conviction became final on his sentencing date of July 31, 1996. However, a review of the Docket Master in the state record shows an entry was made on September 5, 1996, that the Fourth Circuit denied Beaulieu's application for supervisory writs on August 23, 1996, under No. 96-K-1805. Upon an inquiry to the Clerk, Louisiana Court of Appeal, Fourth Circuit, the court learned that Beaulieu filed a writ request with that court on August 5, 1996, which was confirmed to be denied August 23, 1996. No further information relative to No. 96-K-1805 is contained in the state record nor could be obtained from the Clerk. In an abundance of caution, the Court gives Beaulieu the benefit of the doubt and assumes that his conviction was not final until fourteen days after the Fourth Circuit denied his writ application, or on September 6, 1996.

Petitioner has apparently adopted the brief that he filed in the Louisiana Supreme Court as his memorandum in support of his application for federal habeas corpus relief by attaching

---

[1] **State v. Beaulieu**, No. 378-852"B", Criminal District Court, Parish of Orleans, State of Louisiana.

[2] Prior to sentencing, on or about June 24, 1996, Beaulieu filed a motion to correct illegal sentence with the state district court, asserting therein that his sentence of fifteen years was illegal. However, since petitioner had not yet been sentenced, the motion was premature. The court does not consider this motion to correct illegal sentence to be a "properly filed" state post-conviction application as that term is used by 28 U.S.C. §2244(d)(2).

it to his federal application. On page four, paragraph four, petitioner claims that he filed an application for post-conviction relief in the state trial court which the trial court failed to rule upon. A copy of the application for state post-conviction relief is contained the state record, but no file date is indicated. However, review of the supplemental state court record reveals that petitioner signed his petition on January 30, 1997 and, on February 7, 1997, Judge Patrick Quinlan wrote, "Denied" on the top left hand corner of petitioner's application.

On January 16, 1998, the Louisiana Court of Appeal, Fourth Circuit in **State v. Beaulieu**, No. 97-K-2941 denied petitioner's application for supervisory writs. The court said:

> Relator's waiver of constitutional rights/plea of guilty form shows that relator was fully informed that he would receive a sentence of fifteen years. Relator's claim that his plea of guilty was not freely and voluntarily entered is without merit.

Petitioner filed for relief in the Louisiana Supreme Court on January 6, 1999,[3] under No. 99-KH-0029. On April 30, 1999, the Louisiana Supreme Court denied petitioner's application for supervisory and/or remedial writs. See **State ex rel. David Beaulieu v. State of Louisiana**, 741 So. 2d 10 (La. 04/30/99) (99-KH-0029).

Petitioner signed his declaration on his federal application for habeas corpus relief on January 13, 2000. The court denied petitioner's application to proceed in forma pauperis on January 31, 2000. Petitioner paid the five dollar filing fee on February 17, 2000.

Petitioner raises the following claims in his federal application:

---

[3]State Record - Letter from Clerk of Court, Louisiana Supreme Court, dated January 6, 1999.

3

    1. The trial court abused its discretion in denying petitioner's pre-sentence request to withdraw his guilty plea once he learned that the 15-year sentence he would receive was not the minimum allowable sentence.

    2. The trial court and the Court of Appeal erred in denying relief without the benefit of an evidentiary hearing to determine whether other factors relative to the defendant's reasons for his desire to withdraw his guilty plea rendered the plea involuntary.

    The respondent concedes that petitioner has exhausted the above issues in the Louisiana Supreme Court thus petitioner is properly before this Court. **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); **Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988).

    Respondent, however, has filed a motion to dismiss the subject federal <u>habeas</u> petition as time barred, (Rec. Doc. No. 6) pursuant to Title 28, United States Code, Section 2244(d)(1), therein claiming that petitioner had until May 10, 1999, within which to file a federal habeas petition. Respondent argues that the record shows that petitioner filed the instant petition on January 13, 2000, and that said filing was too late.[4] Although the Court disagrees somewhat with respondent's analysis, the Court also finds that petitioner's federal habeas petition should be denied as time-barred.

## II. TIMELINESS

    Under the Antiterrorism and Effective Death Penalty Act, of 1996 (AEDPA),[5] a petitioner generally has a one-year prescriptive period after the date his state conviction became final

---

[4] See memorandum in support of motion to dismiss and response to habeas corpus petition, Rec. Doc. No. 6, page 5.

[5] The AEDPA, which was signed into law on April 24, 1996, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. **United States v. Sherrod**, 964 F.2d 1501, 1505 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 975, 113 S.Ct. 1422 L.Ed.2d 791 (1993).

4

within which to bring his habeas corpus claims filed pursuant to Title 28, United States Code, Section 2254.[6] See Title 28, United States Code, Section 2244(d)(1)(A)(West 1999), as amended by the AEDPA, P.L. 104-132, 110 Stat.1220.[7]

In this case, Beaulieu's conviction is deemed by this Court to be final fourteen days after the Fourth Circuit denied his request for supervisory writs, or on September 6, 1996. Under the plain language of 28 U.S.C. §2244(d)(1)(A), Beaulieu thus had until September 6, 1997 to file his federal habeas petition unless the one year period was tolled pursuant to the statutory tolling provision of 28 U.S.C. §2244(d)(2) or through equitable tolling.

Review of the procedural history indicates that Beaulieu allowed 145 days of his one year period to lapse before he filed his first state post-conviction application on January 30, 1997.[8] The limitation period began to run again with the denial by the Louisiana Supreme Court of supervisory writs on April 30, 1999[9], and Beaulieu should have filed his federal petition within the

---

[6]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[7]Under § 2244(d)(1)(A), a petitioner is required to bring his *habeas corpus* claims within one year from:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

[8]The Court assumes, arguendo, that Beaulieu's filing date is the date he signed his state petition. Thus, the lapsed period of 145 days stems from the September 6, 1996 final judgment of conviction date through January 29, 1997, the last day before petitioner filed his state PCR application.

[9]Strictly speaking, an argument could be made that the request for supervisory writs filed with the Louisiana Supreme Court was filed too late for the post-conviction proceeding to be considered "properly filed" so as to toll the limitations period. Petitioner should have filed the request for writs with the Louisiana Supreme Court within 30 days of the Fourth Circuit's denial in accordance with state procedural rules. See Rules of La. Sup. Ct. Rule 10, sec. 5(a).

next 220 day period, or by December 7, 2000. Beaulieu, however, allowed an additional 257 days to run before he filed his federal habeas petition on January 13, 2000,[10] and is thus untimely.

Moreover, petitioner fails to assert any reason sufficient to justify equitable tolling. The Fifth Circuit has held that the AEDPA's one-year prescriptive period may be equitably tolled, but only in exceptional circumstances. **Davis v. Johnson**, 158 F.3d 806, 810 (5th Cir. 1998). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. A 'garden variety claim of excusable neglect' does not support equitable tolling." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), citing **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996). Moreover, in order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief. **Coleman**, 184 F.3d at 403.

Petitioner has failed to justify equitable tolling and has failed to diligently pursue federal *habeas* relief. Accordingly, **IT IS RECOMMENDED** that Respondent, Warden James

---

[10] When considering the timeliness of a pleading filed by a prisoner acting pro se, courts employ the "mailbox rule." **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Under this rule, a pleading is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received or filed by the court. **Id.** See also **Spotville v. Cain**, 149, F.3d 374, 375 (5th Cir. 1998)(Habeas corpus petition of a pro se prisoner is deemed filed for purposes of determining the applicability of the AEDPA on the date the petition is tendered to prison officials for mailing rather than the date the $5.00 filing fee is paid). The Court thus considers the date when petitioner signed his federal petition to be the date of filing.

M. LeBlanc's motion to dismiss be **GRANTED** and David Beaulieu's petition be **DENIED** as untimely.[11]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Automobile Association**, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 5th day of June, 2000.

LOUIS MOORE JR.
UNITED STATES MAGISTRATE JUDGE

---

[11] Although the Court disposes of this matter on a motion to dismiss for untimeliness, the Court additionally notes that on the merits, petitioner's claim that his guilty plea was involuntarily given would not entitle him to relief. The "Waiver of Constitutional Rights Form" signed by petitioner, his counsel and the presiding judge, clearly indicates that he was advised of the rights he was waiving and of the sentence he would receive. See Supplemental Record Vol. 1 of 1. See also, Minute Entry dated 5/23/96. Although petitioner claims that he was incorrectly advised that the minimum sentence he could receive for his offense was ten years (instead of five years, as set forth by La. R.S. 40:967(B)(1)), petitioner ignores the fact that he was a career criminal (see Arrest Register designation, Supplemental Record Vol. 1 of 1) and could have been multiple billed. As such, as even a second felony offender, petitioner was facing a sentencing minimum of fifteen years and a maximum of 60 years if he went to trial and was convicted. See La. R.S. 15:529.1(A)(1)(a). The record supports the state court's finding that petitioner's guilty plea was knowingly and voluntarily given.